## MERRILL VS. LOW.

1. ATTACHMENT — AFFIDAVIT. — Where an attachment had been issued upon an affidavit, "that the plaintiff had good reason to believe, and did believe, that the defendant was *about fraudulently to remove his property, convey or dispose of the same, so as to hinder and delay,* etc. *Held,* that the affidavit did not state any sufficient cause for issuing the writ, and that it was properly quashed. The word *"fraudulently"* qualifies the word "remove" only; and the words *"hinder and delay"* refer to the words "*convey or dispose.*"
2. SAME.— An affidavit for an attachment should be so direct, positive and certain as to be free from question or doubt.
3. CERTIFICATE.— The certificate of the officer that he is satisfied that the facts and allegations set forth in the affidavit are true, and that the affiant is entitled to a writ of attachment, is a sufficient indorsement of satisfaction.
4. RETURN OF WRIT.— A writ of attachment which commands the sheriff, that the property "so attached in your hands to secure, or so to provide, that the same may be liable to further proceedings thereupon at a term of that district court, to be holden," etc., "so as to compel the defendant to appear and answer the complaint of the plaintiff, when and where you shall make known to the said court how you have executed this writ;" is made properly returnable within the meaning and intent of the statute.

ERROR to the District Court for *Dane* County.

*Merrill* sued out a writ of attachment against *Low,* upon his affidavit, stating, that *Low* was then "justly indebted to him in about the sum of $1,600 lawful money, over and above all legal off-sets, and that he has good reason to believe, and does believe, that said *Low* is about fraudulently to remove his property, convey or dispose of the same, so as to hinder and delay this deponent, and further saith not."

Upon which affidavit was the following indorsement of satisfaction by the officer before whom it was made:

"I hereby certify, that I am fully satisfied that the facts and allegations set forth in the above affidavit are true, and that the said affiant is justly entitled to his writ of attachment," and signed by a supreme court commissioner.

The writ of attachment which issued, after the attaching part, went on to command the sheriff, that the property "so attached in your hands to secure, or so to provide, that the same may be liable to further proceedings thereupon at a term of that district court to be holden at Madison, on the second Monday after the first day of October next, so as to compel the said *Gideon Low* to appear and answer the complaint of the said *Henry Merrill*, when and where you shall make known to the said court how you have executed this writ."

At the return term, the defendant moved the court to quash the writ for the reasons stated in the opinion of the court.

The district court quashed the writ and dismissed the suit, and *Merrill* sued out a writ of error.

*A. Botkin*, for plaintiff in error, contended that one of the causes for issuing the writ was stated in the very words of the law, and the portion of the affidavit, which is objected to, might be rejected as surplusage.

*Julius T. Clark* and *Edward V. Whiton*, for defendant in error, argued that the affidavit must be distinct and certain, and that nothing should be left to doubt or inference.

The affidavit does not state any distinct ground for the writ. It is confused and uncertain. It charges that the defendant is about fraudulently to remove his property, but it does not state for what purpose or to what effect; also, that he is about to convey or dispose of the same so as to hinder and delay the plaintiff, but the fraudulent intent is not coupled with this allegation. The

Merrill vs. Low.

act about to be done, and the fraudulent intention of the defendant in doing it, should be so distinctly stated and so coupled together, that there could be no doubt in ascertaining the specific fact charged.

The supreme court commissioner does not certify that he is satisfied that any particular fact exists, but only that the affidavit is true. The affidavit only states the belief of the party, and the certificate amounts to nothing more than that the officer is satisfied that the plaintiff believes as he has stated in his affidavit. The officer ought to be satisfied of facts, and not of mere belief, and his certificate, that he is satisfied of the truth of the affidavit, in general terms, is not sufficient.

The statute requires all writs to be made returnable on the first day of the next succeeding term, unless the court shall otherwise direct. Terr. Stat. 200. This writ is not made returnable at all. The sheriff is not commanded to return the writ. At most, it is returnable to the term generally, and not on the first day of the term, as the statute requires.

DUNN, C. J. This suit was originally commenced in the district court for Dane county, by attachment issued on an affidavit of facts as cause for issuing the writ, with an indorsement of satisfaction thereon by the proper officer. In the court below, the defendant moved to quash the writ and dismiss the proceedings for these reasons, viz. :

1. "Because the affidavit of said plaintiff, filed with the clerk of said court in this cause, is insufficient in this, that it does not state the existence of any particular fact which authorizes the issuing of a writ of attachment.

2. Because the affidavit is uncertain.

3. Because the certificate of William N. Seymour, as supreme court commissioner upon the affidavit, is insufficient, for the reason that it does not appear that the said Seymour was satisfied of the existence of any

particular fact which authorizes the issuing of a writ of attachment.

4. Because the said writ of attachment is not made returnable according to law."

This motion was sustained by the court below, and the writ was quashed and the proceedings dismissed. To reverse this decision a writ of error is prosecuted in this court.

The inquiry arises here, was there error in the decision of the court below in sustaining the motion to quash for the reasons assigned? This brings us to the consideration of the reasons in the order in which they are presented. The first and second reasons urge the insufficiency and uncertainty of the affidavit. In *Morrison* v. *Fake*, *ante*, this court classed the cases in which an attachment is authorized to issue, by the act concerning the writ of attachment (Rev. Stat. 165), into six classes. The 6th is, "that such debtor is about fraudulently to remove, convey, or dispose of his property or effects, so as to hinder and delay his creditor:" And the court said: "We find it to be practiced in the Territory, to set out this cause in the disjunctive, as set out here, and we are not disposed to change it. We are not disposed to confine the party to the use of one of the words, "*remove*," "*convey*," or "*dispose*," but he may use one or all at his pleasure; also the words, "*property*," or "*effects*." In a case of fraud it may be difficult to obtain satisfactory information whether a man is removing or disposing of his property. Clearly, the party cannot set out two causes of attachment in the disjunctive. Both these points seem to be settled in 3 Watts, 144."

The proceeding by attachment being a departure from the common law, and a violent remedy, the court in that case went as far in favor of the proceeding by attachment, as could be reconciled with any adjudications on the subject in former cases, and cannot go beyond the rule there laid down. If the affidavit in this case conformed to that rule, it would be sustained by the court; but

Merrill vs. Low.

upon examination, insufficiency and uncertainty are apparent on the face of the affidavit, in respect to the rule referred to. The affidavit is in these words: "has good reason to believe, and does believe, that the said *Low* is about fraudulently to remove his property, convey or dispose of the same, so as to hinder or delay this deponent." It is uncertain, and therefore insufficient in this, that according to the acknowledged rules of grammatical construction, the adverb, *fraudulently*, qualifies the word "*remove*" only, and not the words "*convey or dispose ;*" and the words "so as to hinder or delay this deponent," refer to the words "convey or dispose" as their antecedent, and not to the words "*fraudulently remove ;*" thus presenting no sufficient and certain cause for issuing the attachment. For it will not be insisted that the words "about fraudulently to remove his property," without the qualifying words, "so as to hinder or delay this deponent," would be a sufficient ground upon which to award the writ of attachment. Nor that the words "convey or dispose of his property so as to hinder or delay this deponent," without the qualifying word, "fraudulently," prefixed, would be a sufficient ground for the same purpose. The affidavit in this respect should be so direct, positive and certain that upon a public prosecution on the same charge, supported by proof, the defendant could be convicted. There may be, and doubtless are, different opinions about the construction of the meaning of that part of the affidavit quoted ; but this is an argument against its certainty and sufficiency. It should be entirely free from any question or doubt.

We are decidedly of opinion that the district court did not err in entertaining the motion, quashing the writ and dismissing the proceedings on these grounds.

The third and fourth reasons in support of the motion to quash, relate to the sufficiency of the certificate of William N. Seymour, supreme court commissioner,

indorsing satisfaction on the affidavit ; and that the writ of attachment is not made returnable according to law.

The court is not called on to consider the merits of these objections as the motion must have been decided by the district court mainly on the first and second grounds assumed in its support. We have, however, examined the objections, and are of opinion, that the indorsement of satisfaction of itself, is sufficient. The satisfaction is of fact, and not of the legal sufficiency of the affidavit. We are also of opinion that the writ, although not in the usual form, is made returnable within the meaning and intention of the law.

Judgment affirmed with costs.