## SLAUGHTER vs. BEVANS.

1. RETURN—PRESUMPTION. The return of a writ is presumed to have been made on the return day, unless the date of the return on the writ, or an entry of record, shows specially and positively, that it was made at a different time.

2. ATTACHMENT—DEFAULT. In proceedings by attachment, the first default is so much a matter of form, that to enter it without previous publication of notice, or before proof of publication is filed, is not error.

3. AMENDMENT. An affidavit for a writ of attachment cannot be amended.

4. INDORSEMENT ON AFFIDAVIT. The indorsement of satisfaction on an affidavit for a writ of attachment, is an indispensable pre-requisite to the issuing of the writ, and where a writ has been issued without such indorsement, the officer cannot be permitted to come into court, pending the suit, and indorse his satisfaction, *nunc pro tunc*.

5. ATTACHMENT. The law does not confine the plaintiff in attachment, in suing out his writ, to the county where the defendant resides or where he is found; the affidavit that the defendant has property in the county where the writ issues, is a sufficient authority for commencing in such county.

6. FORMER RECOVERY. Where the plaintiff had obtained a decree in chancery for the balance due him upon the coming in of the master's report on foreclosing a mortgage, such decree may be pleaded in bar as a former recovery, in an action at law between the same parties for the recovery of the original demand.

ERROR to the District Court for *Iowa* County.

*Bevans* sued out a writ of attachment against *Slaughter* in the Iowa county district court, on the 10th September, 1839. On the same day, on different affidavits, other writs were issued to the counties of Brown, Dane, Grant, Milwaukee, and Racine. There was no indorsement of satisfaction on the affidavit for the writ, by the officer before whom it was made. The sheriff of Iowa county returned the writ directed to him, *nulla bona*, and served personally, but how or when the personal service was made, does not appear by the return. The writs to Grant and Racine counties do not appear to have been returned at all, and levies were made upon property in Brown, Dane and Milwaukee counties. At the April term, 1840, the first default of the defendant was entered ; and at the September term, 1840, the plaintiff asked leave of the court for the officer before whom the affidavit was made to come in and indorse his satisfaction thereon, which was objected to by the defendant, but the court overruled the objection, and granted leave, and thereupon the officer indorsed upon the affidavit that he was satisfied, at the time when it was made, of the truth of the facts therein stated, to which the defendant excepted. At the same term, and previous to the indorsement of satisfaction, the second default of the defendant was entered, and the plaintiff afterward filed his declaration in assumpsit on the 21st September, and on his motion the defendant was ruled to plead by the next morning, and on the same day proof of the publication of notice of the writs to Grant, Brown, Milwaukee and Dane counties, was filed for the first time, but no publication appears to have been made of the writs issued to Iowa and Racine counties ; afterward, at the same term, the defendant, in response to the rule to plead, made a motion to dismiss the proceedings, on the ground that at the commencement of the suit he resided, and still continued to reside, in the county of Dane, which fact was made to appear to the satisfaction of the court.

The motion to dismiss was overruled, to which the defendant excepted; whereupon, the defendant filed a plea in abatement, traversing the truth of the affidavit, upon which an issue was made and a jury impaneled, who returned a verdict sustaining the affidavit; and afterward, at the same term, the plaintiff filed a second declaration in assumpsit, and afterward, on the 29th day of April, the defendant filed his plea of the general issue and also the following special plea in bar:

"And for further plea in this behalf, the said defendant, by leave of the court here had, says: that heretofore, to wit: in the September term, in the year 1840, in the said district court in the said county of Iowa, and after the commencement of this suit, the said plaintiff, by the consideration, judgment and decree of the said court, recovered, in a certain suit in chancery then and there decided in the said district court, in which the said *John Bevans* was complainant, and said *William · B. Slaughter* was defendant, against the said defendant, the sum of $5,387, on occasion of the not performing of the same identical promises and undertakings in the said declaration mentioned, together with his costs by him about his suit in that behalf expended, whereof the said defendant was convicted, as by the record of the proceedings thereof, still remaining in the said district court, in the county aforesaid, more fully and at large appears, which said judgment and decree still remains in full force, and not reversed, satisfied or made void, and this he is ready to verify, wherefore he prays judgment," etc.

To this plea the plaintiff put in a general demurrer. Afterward the plaintiff withdrew his second declaration, and the record does not show to which declaration the pleas were pleaded, but both the declarations were for the same cause of action.   The court sustained the demurrer to the defendant's special plea.

*Bevans* had filed a bill in chancery against *Slaughter* in the Iowa county district court, to foreclose a mortgage that had been given to secure the payment of the same promis-

sory notes that were declared upon in this case. Upon the coming in of the master's report of the sale of the mortgaged premises, the court decreed against *Slaughter* the payment of the balance due of the mortgage debt, according to the provisions of the statute. Pending this suit, the complainant made a motion in the chancery cause for leave to proceed in his action at law, which was granted by the court.

The cause was tried at the September term, 1841, and upon the trial, the jury returned a verdict in favor of the plaintiff for $5,608.49, upon which the court rendered judgment.

*Moses M. Strong* and *T. P. Burnett*, for plaintiff in error.

*M. M. Jackson* and *F. J. Dunn*, for defendant in error.

MILLER, J. This suit was commenced by attachment in the district court for Iowa county, by *John Bevans* against *William B. Slaughter*. It was predicated on an affidavit of plaintiff, charging the defendant with fraudulently disposing of his property, so as to hinder and delay his creditors. The affidavit was made before a justice of the peace, the 10th day of September, 1839 (before the act in the Revised Statutes was amended), and the justice had neglected to indorse his satisfaction thereon, previous to the issuing of the writ. At the September term of said district court for the year 1840, the court allowed the said justice to appear in court and make the necessary indorsement of satisfaction on said affidavit, *nunc pro tunc*, the defendant objecting to the same. In pursuance of the tenth section of said act, additional writs to the writ issued to the sheriff of Iowa county, were issued on the same day to the sheriffs of Brown, Grant, Milwaukee, Dane, and Racine counties, and on which property was attached in said counties. It appeared by the motion filed to dismiss the writ and proceedings, that the defendant before and at the time of the commence-

ment of the suit resided in Dane county. The court overruled the motion to dismiss the writ and proceedings, and the cause proceeded to final judgment.

The first error assigned for our consideration is as follows:

The court erred in recording the first default of the defendant before proof of publication filed.

The third section of the act concerning attachments, directs the clerk who issued the writ, upon the return of the writ, to make out an advertisement, which is to be published within thirty days. When these writs were returned, does not appear. The return of a writ is presumed to have been on the return day mentioned therein, unless the date of the return specially and positively appears, by indorsement on the writ itself, or entry of record. By the seventh section, the first default of the defendant is to be entered at the first or return term, which could not be done if the writ had not been returned in time for the publication, which may not have been issued in time, or if so, may be retained in the sheriff's hands until the return day. The first default is so much a matter of form, that the entry thereof without previous publication, or proof of the same, is not error.

The second error assigned is, that the court erred in permitting the affidavit to be amended. There was no amendment made of the affidavit, nor could there be any, for an affidavit of this kind is not amendable under any circumstances. The error assigned, we are to infer from the argument, has reference to the permission to the justice to indorse his satisfaction. This court decided in the case of *Mayhew v. Dudley, ante*, 95, that the satisfaction of the officer is an indispensable pre-requisite, and that it can regularly appear in no other way than by his own indorsement of the fact; and that the clerk could not properly and legally issue the writ without such evidence of satisfaction. The same principle was reiterated in the case of *Morrison v. Fake, ante*, 133. And the legislature was so well satisfied of the propriety of this rule, that in

the act to amend the act concerning the writ of attachment, approved February 16, 1842, it was incorporated therein. From this it will appear that the indorsement of the justice should not have been allowed, and that the district court erred therein.

The third error assigned is, that the court erred in rendering final judgment before two defaults of defendant had been entered.

At the second term, the defendant appeared and filed a motion to dismiss, which at the April term, 1841, was overruled. At this term, the defendant filed his plea in abatement, which was decided against him, when the defendant filed his plea of the general issue, and a plea of a former recovery. At the September term following, the cause being at issue, it was tried by a jury. This statement is an answer to the error assigned. The defendant's second default could not have been legally entered in the face of his plea.

The fourth error assigned is: That the court erred in overruling the motion to dismiss the attachment. The motion was made at the September term, 1840, on the ground that the defendant was, at the time of the commencement of the suit, and continued to be, a resident of Dane county, and not of the county of Iowa. The process of attachment is, in the case of a non-resident, a means of compelling a party to appear through his property. It is not regulated by the general law respecting proceedings in courts, but it is regulated exclusively by the act upon the subject of attachments. That act does not confine the plaintiff in his suit, to the county where the defendant resides or is found. The original affidavit filed by the plaintiff sets forth that the defendant had property in the county of Iowa, which was enough to authorize the writ in that county, if the point were doubtful. In this the court did not err.

The fifth error assigned is: "That the court erred in sustaining the plaintiff's demurrer to the second plea of the defendant." The said second plea was a plea of

former recovery, good on its face, to which the plaintiff demurred generally. This court is unanimously of opinion that there was error in this decision; and as error is so apparent, it is not necessary to refer to authority upon the subject.

This embraces all the errors material on the record. It is therefore considered and adjudged, that the judgment of the district court of Iowa county be reversed, with directions to said court to set aside the writ of attachment and all subsequent proceedings.