Pratt vs. Pratt et al.

PRATT v. PRATT et al.

1. ATTACHMENT—AFFIDAVIT.—Proceedings by attachment are among the most summary and stringent known to the law, and should strictly conform to the statute authorizing them.
2. SAME.—Under the late territorial statute, the facts and circumstances upon which the writ is claimed, should be stated in clear and intelligible terms, to enable the officer to judge of the propriety of allowing it. Mere hearsay as to the declared intention of a party to fraudulently convey, etc., is not sufficient, but the affidavit of the person who heard the declaration or knows the fact, should be produced.
3. SAME.—Where cause for granting the writ is shown only as against one or more of several defendants, the writ ought not to be granted, unless the other defendant or defendants are insolvent or out of the jurisdiction of the court.

(2 *Chand.* 48.)

ERROR to the Circuit Court for *Sauk* County.

This suit was instituted in the court below by attachment. The affidavit upon which the writ issued, after setting out

the indebtedness of the defendants, alleged that they were about fraudulently to remove and convey their property to defraud their creditors, and particularly the plaintiff; that the affiant had been informed by the intimate acquaintances of two of the defendants, and believed that they had said that they would remove and convey their property beyond the plaintiff's reach, and that they had intended to remove it beyond his reach before that time; that the affiant had been informed in the same manner, and verily believed that the said two defendants had repeatedly said they would never pay the plaintiff, but would convey their property beyond his reach; that one of the defendants had told the affiant that *they* would not pay the plaintiff his debt until they were obliged to, and that they should sell their property immediately; that the affiant had been informed by credible persons that they intended to dispose of their property, subject to be taken in execution, at the earliest opportunity, for cash, to prevent, hinder or delay the plaintiff from the collection of his debt; that one of the defendants had then recently told the affiant that he should remove his property out of the plaintiff's reach, and that the defendants had property subject to attachment.

Under the attachment issued upon this affidavit the property of the defendants was taken, and a schedule thereof returned; and at the return term of the attachment two of the defendants appeared and filed a motion to quash it, upon the following grounds:

1. That the nature of the indebtedness was not set out with sufficient certainty. 2. That there were no facts or circumstances stated in the affidavit on which the writ issued, that warranted the belief that the defendants were about fraudulently to dispose of their property, etc. 3. That the affidavit was not traversable, because it did not show to whom the statements therein alleged to have been made, were made. 4. That there was no seal to the writ. 5. That the sheriff did

not appraise the property attached. 6. That the affidavit was bad for uncertainty. 7. That though the affidavit was true, it was not sufficient to warrant the issuing the attachment.

This motion was sustained by the court, and the writ quashed on the ground of the insufficiency of the affidavit, and a judgment was rendered for the defendants, and a restitution of the property attached awarded to them.

The plaintiff assigned for error here, that the court below erred in quashing the writ, and claimed that the affidavit was sufficient.

*Chauncey Abbott*, for plaintiff in error.

*A. L. Collins*, for defendants in error.

HUBBELL, J. This is the common case of a writ of attachment, under the late statute of this state, issued on affidavit.

In the court below the writ was quashed, on motion, for insufficiency of the affidavit.

The question on error here is the same as there, to wit, how far it was necessary for the affiant to show, by facts and circumstances, that the defendants were all about fraudulently to remove or convey their property, so as to hinder and delay their creditors. There are three defendants. The affiant, after swearing to the indebtedness, states positively that the defendants (naming them all) "are about fraudulently to remove and convey their property, so as to hinder and delay their creditors." This statement must be taken as an expression of a belief or opinion, in other words, as a legal conclusion drawn from facts and circumstances within the affiant's knowledge. The statute contemplates the expression of a belief as to the fraudulent intention, and properly requires that "the facts and circumstances on which such belief is founded" shall be set forth for the judgment of the officer who allows the writ. The affiant proceeds to specify the facts and circumstances on which his principal statement is based, but not in as clear and intelligible terms as could be desired.

Pratt vs. Pratt et al.

A majority of the court understand him to say that he had been informed, and believed that *Lewis Hayes* and *Josiah Hayes* had said that *they* would remove and convey *their* property beyond his reach, and that they never would pay him ; and further, that *Lewis Hayes* told him, the affiant, that they (meaning the two defendants *Hayes*) would not pay the debt, and should sell and dispose of their property immediately, and remove it out of his reach.   The first part of this statement is merely hearsay.   The affidavits of the persons to whom the *Hayes'* made their declarations should have been given.   The last clause is direct, and sufficient as to the intention of the two *Hayes'* ; and if it had been coupled with a statement that the other defendant was insolvent, or out of the jurisdiction of the court, the affidavit might have been sustained.*   The statements may be strictly true, and yet the defendant *Pratt* might have had abundant means to pay, and the affiant have been perfectly secure.   In the present shape, the affidavit is entirely consistent, not only with the affiant's ample security, but with a collusion between him and the defendant *Pratt* to coerce the other defendants, by this proceeding, to pay the whole debt.

Proceedings by attachment are among the most summary and stringent known to the law, and they should be confined strictly within the limits of the statute by which they are authorized.   In the present case it is easy to see, as in many others, that the process of the law might be perverted to purposes of oppression if the only proper rule in regard to its allowance were to be relaxed.   Without imputing any improper motive to the plaintiff, the judgment below must be affirmed upon general principles.

Judgment affirmed with costs.

---

*Where a cause exists for an attachment against the property of one defendant in an action, the writ may issue against his property, though no cause for issuing it exists as to his co-defendant, and on such writ any interest which he may have in any property with such co-defendant or others as *joint* owner may be seized, and the officer may, by virtue of it, take and retain possession of such property.   *Bank of Northwest v. Taylor et al.*, 16 Wis. 609.