## Lorrain v. Higgins, Administrator, etc.

1. ATTACHMENT—AFFIDAVIT.—In a proceeding by attachment under the late territorial statute, a party must, in his affidavit, swear to his belief of the existence of a statutory cause for the allowance of the writ, and set forth facts and circumstances sufficient to show that the alleged cause for issuing the writ exists.

2. SAME.—An affidavit alleged that the defendant was making secret preparations to leave for Ireland, without any ostensible business to take him there, but did not disclose the nature or character of such preparations, or show that he was making them with intent to abscond. *Held*, insufficient to warrant the allowance of the writ.

3. SAME—COSTS.—Where an attachment is quashed for want of a sufficient affidavit, judgment may be rendered against the plaintiff for full costs.

(2 *Chand.* 116.)

ERROR to the Circuit Court of *La Fayette* County.

This was a proceeding by attachment, under the statute, founded on a promissory note. The affidavit made by the plaintiff, upon which the attachment issued, was as follows :

WISCONSIN TERRITORY, ⎱ *ss. :*
  *La Fayette County*, ⎰

*John Lorrain*, of lawful age, being first duly sworn, deposes and says, that *William Mead*, of the county of La Fayette aforesaid, is justly indebted to him (this deponent) in the sum of one hundred and thirty-one dollars and thirty cents, after allowing all just offsets and credits, upon a demand founded upon or sounding in contract, to wit, upon a promissory note, which said note is in the words and figures following, to wit :

" $131.30. One day after date I promise to pay to *John Lorrain*, or his order, one hundred and thirty-one dollars and thirty cents, for value received ;" this deponent says that he has good reason to believe and does believe that the said *William Mead* is about to depart from the territory of Wisconsin, with intent to abscond ; and that the circumstances upon which the belief of such facts is founded are, that the said *Mead* is making secret preparations to leave this country for Ireland, a portion of the British dominions, without any ostensible business to take him there ; and as a further circumstance, this deponent says that the said *William Mead*, some time in the month of July last past, on or about the eighth day thereof, took out a license, from the board of county commissioners of La Fayette county aforesaid, to keep a grocery and to sell strong and spirituous liquors and wines in his grocery house in the village of Shullsburg, in the county of La Fayette aforesaid, and that he has procured one *John Higgins* to take his said grocery and sell liquors and wines as aforesaid and under the aforesaid license ; and this deponent further says, that he has understood from various individuals that the said *Mead* has been making arrangements to leave for the aforesaid place ; and this deponent further says, that he verily believes that unless a writ of attachment is issued, he is in danger of losing his said demand ; and further this deponent says not.                                           JOHN LORRAIN.

After the attachment was executed by the sheriff and the appraisal made, and the proceedings returned into court, the defendant made a motion to quash the attachment, and assigned the following causes for that purpose, to wit :

1. That there is no sufficient affidavit to authorize the issuing thereof.

2. That there are no facts set up in the affidavit, on which the attachment issued, on which an issue can be taken.

3. That the facts set up in the affidavit are not sufficient to warrant the belief that *William Mead* was about to abscond,

or to justify the order for the issuing the attachment. The defendant, *Mead*, died, and the suit was revived and continued against *Higgins* as his administrator.

The court granted the motion and quashed the attachment.

The counsel for the plaintiff in error excepted to the ruling, and the cause came here upon a writ of error.

*J. H. Knowlton*, for plaintiff in error.

*Robinson & Culver*, for defendant in error.

LARRABEE, J.    This is one of a numerous class of cases under the attachment law of the late territory, but now repealed by the revised statutes of the state.

The first question is upon the sufficiency of the affidavit upon which the writ of attachment issued.    It states that the defendant " is making secret preparations to leave this country for Ireland," and that he has procured a third person to manage his grocery business.    The statute required the plaintiff to swear to his own belief of the intent to abscond, and to set forth the facts and circumstances upon which that belief is founded.    Now, the mere statement that the defendant was, in the opinion of the plaintiff, making secret preparations to leave for Ireland is not such a fact as would authorize the court to conclude that he was in reality making preparations to abscond. It is apparent that no *fact* has been stated ; for we ask, at once, what were those preparations ?    What has the defendant done to warrant the conclusion that he intends to abscond ?

The plaintiff might have been entirely in error as to the character of these preparations, and still the court could not conclude that such preparations had in fact been made.    Preparations might have been made for a different object, the farthest removed from an intent to abscond; in fact, with an intent to fix his residence more permanently in the state ; and the plaintiff, clamorous for his debt, and open to view with jealous eye every movement of his debtor, might be ready to swear at once that these preparations were evidence, to his

mind, of an intent to abscond. The plaintiff should have stated what the facts were, constituting what he calls "preparations," that the court might know whether there was sufficient legal evidence upon which his belief was founded.

Another point presented, and the only one remaining that is necessary to decide, is, whether, upon the dismissal of the suit for the insufficiency of the affidavit, the court could render judgment against the plaintiff for costs. As a general rule, it is well settled that where there is no jurisdiction the court can give only the costs of the motion, and not the general costs of the suit. But it was the uniform practice of the late territorial district courts to give costs in similar proceedings, and we are not disposed, at this late day, to overrule this doctrine, and especially as we are not, in view of the repeal of this law, called upon to lay down a rule for the future. The affidavit in this case was colorable, at least, and sufficient to give the court jurisdiction to render judgment for full costs.

Judgment affirmed.