ABRAHAM COHEN, impleaded with MORRIS SELZ, Appellants,

*vs.*

MELANCTHON BURR, CHARLES GRIFFITH and GILES WHITE, Respondents.

APPEAL FROM MILWAUKEE CIRCUIT COURT.

A motion to discharge an attachment, addressed to the Circuit Judge at chambers, rests in sound judicial discretion ; and his decision thereon will not be disturbed, unless there has been a gross or palpable abuse of such discretion.

When such a motion is based upon a question of fact which it was the duty of the Judge to find, his finding thereon will not be questioned, except in extreme cases, and where there is clear and palpable mistake, or gross abuse.

The respondents commenced an action, in the Circuit Court of Milwaukee county, against the appellant, by summons; and at the same time an attachment was issued against both defendants, on the ground that they were not residents of the State of Wisconsin, upon which the property of the defendants in the city of Racine was attached.

Thereupon the defendant, Cohen, moved to set aside and discharge the attachment, before the circuit judge, at his chambers, on the ground that sufficient cause for granting the same did not exist when the same was granted; and having given notice of his motion, the same was heard upon affidavits, and counter-affidavits, upon the question of fact, as to the residence of the said Cohen : upon which hearing the circuit judge denied the defendant's motion, and from which decision the appeal was taken to this court. The affidavits are set out in the case in full, but no important end would be subserved by their introduction here, and they are accordingly omitted.

*Carey, Farr and Evans*, for the appellants.

*Mariner and Pratt*, for respondents.

Cohen et al. vs. Burr et al.

*By the Court*, Smith J. We are not disposed at this time to question the mode of procedure adopted by the appellant in this case, but we think it must be classed among the numerous cases which are addressed to the sound discretion of the court or judge, and can only be considered upon appeal or error, when there has been a gross or palpable abuse of such discretion. We wish to be understood that we so regard this mode of proceeding to discharge an attachment levied upon personal property, viz: by motion addressed to the judge at chambers, and that our decision goes no farther.

Again, the motion of the appellant was based upon a question of fact, which it was the duty of the judge to find, with whose finding we would not interfere except in extreme cases, when there is a clear and palpable mistake or gross abuse.

But we are not prepared to question the correctness of the judge's finding in this case, taking into consideration all the facts and circumstances of the case, as disclosed by the evidence produced. We find the defendants Cohen and Selz engaged in the wholesale or jobbing clothing business in Chicago. That city was indubitably their home, their residence; there lived the defendant, Cohen, and although a single man, he had his fixed place of residence in Chicago. There he continued to keep his horse. There was his room; and we have been unable to find any clear indication of an intention to make any permanent change of residence, or to designate any time when he did change it from Chicago. On the contrary we think the preponderance of the evidence is in favor of the finding of the circuit judge, and that his order was therefore correct.

The order of the court below is affirmed with costs.