JOSEPH M. COOPER and CHARLES FELLOWS, Appellants,

*vs.*

ROBERT J. SMITH, Respondent.

APPEAL FROM CIRCUIT COURT, DANE COUNTY.

Where an affidavit averred that a defendant is a non-resident of the state, and could not be found therein, and also alleges on information, &c., that he resides in Sweden, and an attachment is granted on such affidavit against the goods of the defendant, held that on a motion to discharge the attachment, if the defendant showed that he was absent temporarily on business, the motion would be granted.

This was an appeal from an order of the circuit court of Dane county, discharging and setting aside an attachment issued in this case against the defendant as a non-resident, by virtue of which his property was attached and is still held by the sheriff of Dane county, to satisfy the plaintiff's demand. The affidavit on which the attachment was granted, set forth, in effect, that this action is brought for the recovery of money against the defendant, who is not a resident of this state, and cannot with due diligence be found therein; that a cause of action on the part of the said plaintiffs exists against the said defendant for about the sum of three hundred and fifteen dollars in the aggregate; and that the grounds of this action are in respect of two certain promissory notes in writing, given by the said defendant to the said plaintiffs, &c. And deponent further says that he is informed and believes that the defendant resides in Sweden, and is not a resident of this State;

that his place of residence is neither known to the deponent nor can with reasonable diligence be ascertained by him, but that the defendant has property in this state.

An order was made to show cause why this attachment should not be discharged, accompanied with affidavits. The agent of Smith deposed among other things, that Robert J. Smith is now, and has been for more than two years last past, a resident of Madison, in the state of Wisconsin. That on the 5th day of July, 1856, the defendant, contemplating a business journey to Sweden, for the purpose of looking after and settling up his right to certain property and estate, left him by his deceased father, who was a resident of Sweden, duly executed, acknowledged, and delivered to the deponent a general power of attorney, to carry on, conduct and manage his business of a bazaar for the sale of Jewelry, watches, clocks, and a large variety of other commodities, goods, wares and merchandize, in King street, in the city of Madison, and that the deponent has faithfully discharged his duty and still continues to do the same, in the bazaar, under this power, as the agent and attorney of Smith. That the true intent and design of Smith, in going to Sweden, was for the purpose of attending to his property there, as above stated, and that it was his expressly repeated intention to return to his home and place of business in Madison, just as soon as the settlement of his business in Sweden would permit it. That the deponent has received two letters from Smith within a year past, the last one in November, 1857, in which Smith says he was anxious to and would return home as soon as his property business in Sweden was settled, he having necessarily engaged in a lawsuit concerning the same; which the deponent verily believes true. That Smith is only temporarily absent from his business in Madison, and will return; and that deponent has reason to expect and believe, and does expect and believe that Smith will return every day.

The facts stated in this affidavit were confirmed by others, and the circuit court granted the motion to set aside the attachment. From which this appeal is taken.

*Orton, Hopkins & Firmin* for appellant.

*Smith & Keyes* for respondent.

*By the Court,* SMITH, J. This is an appeal from an order of the circuit court of Dane county, setting aside an attachment. The ground of the application for the writ of attachment as disclosed by the record was, that the defendant named therein, was at the time of issuing the writ a non-resident of this state.

The affidavit on which the writ was issued, sets out that the defendant was a non-resident of the state and could not be found therein; and after setting out the indebtedness of the defendant to the plaintiffs, it further alleges, on information and belief, that the defendant resides in Sweden, &c.; that his place of residence is neither known to the affiant, nor can with reasonable diligence be ascertained by him; and that the defendant has property in the state, &c.

In May term, 1858, an order was made by the judge, requiring the plaintiffs, upon the affidavits presented, to show cause why the attachment should not be discharged, on the ground that sufficient cause for the issuing of the same did not exist. After hearing the plaintiffs as well as the defendant, the court below discharged the attachment.

We are of the opinion that the court below rightfully discharged the attachment, for the reason that the evidence produced upon the hearing or the rule to show cause, clearly establishes the fact that the defendant was in fact a resident

of the state at the time the writ issued, and that he was only temporarily absent; that he left the state *animus revertendi*; that he was detained in Sweden on business, and purposed to return as soon as that was accomplished.

The order of the circuit court must therefore be affirmed with costs, and the cause remanded for further proceedings according to law.