June Term,
1861.

Noonan et al.
v.
Pomeroy et al.

---

NOONAN and another vs. POMEROY and another.

Where an affidavit for an attachment has been traversed, and on trial of the issues of fact thus raised the attachment has been dissolved, it is not necessary that there should be a motion for a new trial, to enable this court to review the decision of the court below on such issues.

The order dissolving the attachment in this case was reversed, as being unsupported by the evidence.

APPEAL from the Circuit Court for *La Crosse* County. The evidence upon the issues of fact in this case was vo-

luminous, and is not deemed of sufficient interest to the pro- June Term, 1861.
fession to require its publication here.

*E. Fox Cook*, and *J. E. Arnold*, for appellants. NOONAN et al.
v.
POMEROY et al.
*Bishop & Cameron*, for respondents.

*By the Court*, COLE, J. This is an appeal from an order of December 11.
the circuit court of La Crosse county, dissolving and setting
aside a writ of attachment. The affidavit for the writ was
made by the appellant *Noonan*, who stated that he had good
reason to believe that the respondents had assigned, disposed
of or concealed, and were about to assign, dispose of or con-
ceal their property, with intent to defraud their creditors.
*Pomeroy* traversed this statement in the affidavit, and the is-
sue thus formed was tried by the court as provided by the
statute. The evidence taken upon the trial of this issue is
quite voluminous, and it has been properly incorporated in
a bill of exceptions, and returned to this court. After a
careful examination of this testimony, we have arrived at the
conclusion that it fully sustains the affidavit and shows that
the writ was properly issued.

The counsel for the respondent suggests that we cannot
review the evidence to see whether it sustains the finding of
the court or not, because there was no motion for a new tri-
al. We do not suppose any such motion was necessary in
order to enable us to review the facts of the case. The stat-
ute does not contemplate a new trial of the traverse by the
court, and therefore such a motion would be quite out of
place. It is not at all analogous to the case where a motion
is made for a new trial on the ground that the verdict is un-
supported by the evidence, and the reason in those cases
does not apply. For in the latter case there may be a new
trial, and it is the duty of the court to grant it when the ver-
dict is contrary to the evidence. Therefore it is manifest
that on this appeal we are required to review the evidence,
and determine what facts are satisfactorily established by it.
If the proofs do not sustain the affidavit, and show that the
statements therein are well founded, we must affirm the or-
der. If, on the contrary, they show that a good cause exist-
ed at the time the affidavit was made for an attachment, we
must reverse it.

The affidavit, following the statute, states two grounds for the attachment: first, that the affiant had good reason to believe that the respondents had assigned, disposed of or concealed their property with intent to defraud their creditors; and second, that they were about to assign, dispose of or conceal their property with such intent.

It would be a very unprofitable labor to enter upon a general discussion of the evidence in this case, and point out the facts and circumstances which establish satisfactorily to our minds the existence of both the causes for the attachment. The main and leading facts and circumstances in the case, which go to show a fraudulent disposition of property, partly designed and partly accomplished, were the efforts used to prevent the foreclosure of the Green Bay bank and Cullaton mortgages; the deception used in regard to the transfer of the former; the alleged purchase and sale of Moore's interest in the office by *Pomeroy* in November, and the giving of a chattel mortgage upon the entire property in the office to secure payment of several notes for the consideration money running from two to seventeen months; the immediate assignment of this mortgage by Moore to his father, living in New Hampshire, to pay an old and exceedingly doubtful debt; the transaction in regard to the note of the appellants falling due December 4th, and what was said to Lathrop by *Pomeroy* at that time; the statements of the foreman Messervey to La Due, about running the office under the chattel mortgage which had been assigned—referring undoubtedly to the Moore mortgage; the conversation of *Pomeroy* with *Noonan* and Rodolph about the claims of the appellants; the respondent's inability to meet these claims; and finally the pretended sale to Lottridge; all of which tend naturally and irresistibly to prove that the grounds stated in the affidavit really existed. All these acts and declarations are inconsistent with straight forward, honest dealings and intentions, and conclusively show that the respondents were endeavoring to place their property beyond the reach of their creditors. They might have thought that it was right to cover up and protect their property in this way, and avoid

the payment of debts which it was inconvenient to discharge, but nevertheless such purposes were unlawful.

But without dwelling upon the case longer, we will say that to our minds the proofs are entirely satisfactory that the causes for the attachment existed at the time the affidavit was made.

The order, therefore, of the circuit court, setting aside the writ and dissolving the attachment, is reversed, and the cause remanded for further proceedings.