# SUPREME COURT

#### OF THE

## STATE OF WISCONSIN.

---

## *DECEMBER TERM, 1852.*

3p 443
96 589

---

### MALLORY vs. LYMAN and another.

1. CONTRACT — DELIVERY.—Under a contract or chattel note by which the maker agreed to pay the payee a certain sum by a day certain, in cumbrous articles, as merchantable pine boards, with interest, without any designation of the place of delivery, and there is nothing to show the situation or employment of the parties, it is the duty of the person who is to deliver the lumber to see him who is to receive it, and get him to appoint a place for the delivery. If the party bound to deliver is a manufacturer of the articles to be delivered, or kept them for sale, it seems that a different rule might be adopted.

2. GUARANTY. — The engagement of one who guaranties the payment of a chattel note is an absolute and unconditional one that the maker will pay it at maturity, and no demand of the maker or notice to the guarantor is necessary to charge the latter. *Ten Eyck v. Brown, post,* 452.

3. SAME — EVIDENCE. — In an action on a guaranty of payment of a chattel note, the note on which the guaranty was indorsed purports to have been signed by an agent in behalf of the maker, no proof of the authority of such agent to sign the note need be shown in order that it and the guaranty may be given in evidence. The guaranty in such case creates the liability of the guarantor, which is that the person who purports to be the maker of the note will pay it. The note is resorted to merely to show the extent of the guarantor's liability.

(4 Chand., 143.)

ERROR to the County Court for *Milwaukee* County.

*Mallory* brought an action of assumpsit against *Lyman* and *Grant* as guarantors of the following contract:

"$135.    For value received, I promise to pay *Hiram Mallory*, or bearer, one hundred and thirty-five dollars, in good merchantable pine boards, on or before the first day of June next, with interest.                FRED. R. CURTIS.

"CHICAGO, Dec. 24, 1847.          By M. E. LYMAN."

On the back of this chattel note was the following guaranty:

"In consideration of one dollar to us in hand paid, we do hereby guaranty the payment of this note at maturity.

"M. E. LYMAN,
"S. B. GRANT."

The defendants pleaded the general issue and payment.

At the trial, which was by the court, the plaintiff offered in evidence the note or contract with the guaranty indorsed thereon; and the defendants objected that there had been no proof given of the authority of *Lyman* to sign the name of Curtis to the note or contract; but the court received the evidence, and no further evidence being given, rendered judgment in favor of the defendants for costs, and the plaintiff brought this writ of error.

*J. J. Pettit*, for plaintiff in error.

*Smith & Palmer*, for defendants in error, contended:

1. There was no evidence whatever before the court of the execution of the contract, or instrument offered in evidence by Curtis, or by *Lyman* as his agent, and no evidence of the authority of *Lyman* to make the contract for Curtis.   This defect in the evidence is not supplied by the statute.   R. S., ch. 98, § 85.   1. Because Curtis was not a party to the suit.   2. Because the contract does not purport to be signed by Curtis, but by *Lyman*, his agent.

2. The instrument which forms the basis of the defendants' guaranty in this case is not a promissory note, but a simple contract.   It is not payable in money.   It is not negotiable,

and is not possessed of the requisites of a promissory note. Chitty on Bills, 132–33, Springfield ed. of 1849; *Matthews v. Houghton*, 2 Fairf., 377; *Wyman v. Winslow*, id., 398; *Rhodes v. Lindly*, Ohio Cond., 465; *Johnson v. Baird*, 3 Blackf, 153; *Jones v. Fales*, 4 Mass., 245; *Seiber v. Goodrich*, 5 Conn., 186; *Thompson v. Sloan*, 21 Wend., 71; *McCormick v. Trotter*, 10 Sergt. & R., 94; *Collins v. Lincoln*, 11 Vt., 268; *Irvine v. Lowery*, 14 Peters, 203.

The guaranty of the defendants is not therefore to be treated as a guaranty of the payment of a promissory note, but a guaranty of the performance of the contract by Curtis, according to its legal effect.

3. Curtis' contract was to deliver a quantity of " good merchantable pine boards " of the value of $135, at the time specified in the contract, *at his usual place of business*, and the plaintiff was bound to go there to receive them. Chipman on Contracts, 28, 29, 30; *Beebe & Brother v. Moon*, 3 McLean, 387.

4. Demand of payment upon the maker and due notice of nonpayment to the guarantor of a promissory note, are necessary in order to hold such guarantor. *Greene v. Dodge*, 3 Ham., 430; *Oxford Bk. v. Haynes*, 8 Pick., 423; *Talbott v. Gay*, 18 id., 534; *Gammage v. Hutchings*, 23 Me., 565; *Gibbs v. Cannon*, 9 Sergt. & R., 196; *Isett v. Hodge*, 2 Watts, 128; *Towns v. Farrar*, 2 Hawks, 163; *Hawks v. Crittenden*, 2 McLean, 557; *Foote v. Brown*, 2 id., 369; *Lewis v. Brewster*, 2 id., 21; *Whiton v. Mears*, 11 Met., 563; *McGuire v. Newkirk*, 1 Eng., 142.

5. And when a note is payable in specific articles the rule is imperative, that a demand and reasonable notice is necessary to charge the guarantor. " On a guaranty of the delivery of flour, a demand of the article when due must be made, and a reasonable notice of failure given to the guarantor." *Beebe v. Moon*, 3 McLean, 387.

WHITON, C. J. We are satisfied that the judgment in this case is erroneous.

The contract signed by *Lyman*, as the agent of Curtis, bound the latter (in case *Lyman* had authority to sign for him) to deliver to *Mallory* at the time fixed, good merchantable pine boards of the value of one hundred and thirty-five dollars. If the boards were not delivered, *Mallory* had a right to bring an action upon the contract and recover that amount in money But, it is said by the defendants that, as there is no place specified in the contract where the boards were to be delivered, the rule of law is, that they were to be delivered by Curtis at his usual place of business, and that the plaintiff was bound to go there to receive them.

Admitting this to be the correct view of the law applicable to the subject, there is nothing in the case to show that Curtis fulfilled his contract. For, if he had the right to deliver the boards at his place of business, yet it was his duty to make the delivery at the time specified. The boards were not to be delivered by Curtis when he should be requested, but "on or before the first day of June."

It is needless to state what would constitute a delivery or a tender of the boards, as there was no attempt in this case to prove that Curtis had made a delivery or an offer to deliver.

But we do not admit that this is the law applicable to contracts of this nature. There was no testimony in the case tending to show that Curtis was a lumber merchant, or manufacturer of pine boards, or had any place of business. All we know is that he agreed to deliver to the plaintiff the boards specified in the contract; and we are not aware of any better rule in regard to the delivery of cumbrous articles, where the parties have omitted to designate the place of delivery, and when nothing is known of their situation or employment, than the one laid down by Lord COKE, which makes it the duty of the person who is to deliver the articles to see him who is to receive them and get him to appoint a place for the delivery. Co. Litt., 210, b.; see also *Slingerland v. Morse*, 8 Johns., 474. If the testimony had shown that Curtis was a manufacturer of

pine boards, or kept them for sale, perhaps a different rule should be adopted. 2 Greenl. Ev., §§ 109, 110. But as the case stands, we do not see how any other rule than the one laid down by COKE can be applied.

But it is said by the defendants, that although as between Curtis and *Mallory*, the former may have no defense to an action on the contract, yet they, who are mere guarantors, and are sued in that character, cannot be made liable. This supposed exemption from liability arises from the fact that there was no testimony introduced at the trial to show that any demand of payment had been made of Curtis, or notice of nonpayment given to the defendant. These, they say, are necessary in order to charge them, because, if the contract had been a promissory note, such a guaranty as the one sued upon would not have given the plaintiff a right of action against them without proof of demand and notice, and that there is the same necessity for a demand upon Curtis and notice of nonpayment to them in this case, as though the contract were a promissory note. This view of the matter regards the undertaking of a guarantor as analogous to that of an indorser — a conditional and not an absolute one; and there is no doubt that many courts, and many of high respectability, have so regarded it. The cases cited by the counsel for the defendants in error are to the point, and were it not that courts of equal respectability have arrived at a different conclusion, we might have felt compelled to yield to their authority. The case of *Brown v. Curtis*, 2 Comst., 225, is an authority for these propositions: that the guaranty of the payment of a promissory note is an absolute, unconditional engagement by the guarantor that the maker of the note shall pay it at maturity; that no demand upon the maker or notice to the guarantor is necessary to charge the latter; and that his liability is absolute upon the failure of the maker to pay the note according to its tenor and effect. We see no escape from the reasoning by which these conclusions are reached, nor do we think the circumstance that the con-

tract in this case was to deliver boards instead of money, affects the liability of the guarantors. They engaged that Curtis should deliver the boards to the plaintiff, and by the neglect of Curtis to comply with his contract, they became liable to pay the amount in money.

There remains but one other point to be considered. It is said by the defendant in error that the judgment of the court below should be affirmed, because there was no testimony introduced at the trial to prove the execution of the contract by *Lyman*, as the agent of Curtis, nor to prove *Lyman's* authority to sign the contract as such agent. It appears by the bill of exceptions that the contract and guaranty were offered in evidence by the plaintiff, and that the former was objected to by the defendants for the reason that there was no proof of its execution, nor of *Lyman's* authority to execute it as the agent of Curtis. It appears, further, that the question of its admissibility without the proof was not decided by the judge, he permitting it to be used in evidence, subject to the objection of the defendants, and reserving the question of its admissibility for decision afterwards. It appears further, that when the contract and guaranty had been used in evidence, the plaintiff rested his case, and that the defendants offered no testimony. Upon these facts, the judge (there being no jury) decided the case in favor of the defendants, and gave them a judgment for their costs. As the bill of exceptions fails to state how the judge ruled upon the question of the admissibility of the contract, unless by omitting to rule it out of the case, we are authorized to infer that he considered it properly admitted. But, however this may be, we are satisfied that the objections to the introduction of the contract in evidence are founded upon a mistaken view of the subject.

The object of its introduction was merely to show the extent of the liability of the defendants, *as fixed by the guaranty*. They had engaged by the guaranty that Curtis should perform the contract. It was therefore necessary for the plaintiffs to

show what Curtis had agreed by the contract to perform, because his agreement was the measure of the liability of the defendants upon the guaranty. If the guaranty had set out what Curtis had agreed by his contract to do, there would have been no necessity for the introduction of the contract, as the plaintiff's proof would have been sufficient without it.

It cannot avail the defendants in error to contend that it was necessary for the plaintiffs to prove the contract valid as against Curtis, and that this could be done only by showing that *Lyman*, the agent, executed it, and had authority to sign it for Curtis as his agent; because by the guaranty the defendants engaged that Curtis should perform it, and when the plaintiff proved what the contract was which the defendants had engaged Curtis should perform, he made out his case *prima facie*. *Forman v. Stebbins*, 4 Hill, 181. If our view of the law applicable to the case is correct, there can be no doubt that the plaintiff was entitled to judgment. The judgment which was rendered in favor of the defendants must therefore be reversed.