LEDERER and others, Respondents, vs. ROSENTHAL, Appellant.

*March 5 — April 12, 1898.*

*Admissions in pleading as evidence: Attachment for debt not yet due: Affidavit and undertaking: Nonresidence: Waiver of tort.*

1. Admissions in the complaint in an attachment case that the debt sued on is founded upon an express contract and not yet due are *prima facie* competent evidence of those facts as against the plaintiff, upon a motion to set aside the attachment.

2. An affidavit for an attachment in an action to recover a debt not yet due is fatally defective if it fails to state, as required by sec. 2731, S. & B. Ann. Stats., that "the debt is to become due."

3. An attachment in an action upon a debt not yet due is authorized by statute only on the conditions that the requisite affidavit be made, and that an undertaking be given in three times the amount demanded by the plaintiff.

4. Mere nonresidence of the defendant is not a ground for an attachment in an action for a debt not yet due.

5. An attaching creditor cannot, by disaffirming an express contract for the sale of goods on sixty days' credit on the ground that it was induced by the false representations of the defendant, waiving the tort into which his claim is thus converted and suing on an implied contract for money due, evade the provisions of sec. 2731, S. & B. Ann. Stats., requiring the attachment bond, in a case where the debt is not due, to be in three times the amount demanded.

APPEAL from an order of the circuit court for Milwaukee county: D. H. JOHNSON, Circuit Judge. *Reversed.*

The defendant appeals from an order made in this action by the circuit court, denying her motion to set aside and vacate the attachment issued therein, and continuing said attachment proceedings, and giving the plaintiffs leave to amend their affidavit for attachment by setting forth that a cause of action sounding in tort existed in favor of the plaintiffs against the defendant at the time of the commencement of the action and issuing of the writ. The parties are nonresidents. September 29, 1897, the plaintiffs began their

Lederer and others vs. Rosenthal.

action against the defendant, and, under attachment pro-
ceedings therein, seized a quantity of cloaks, capes, etc. The
original affidavit for attachment was to the effect that the
defendant was indebted to them in the sum of $1,304 upon
*express* contract, and that the defendant was not a resident
of this state. The undertaking for the writ was in the sum
of $250 only, and was conditioned as in the case of a debt
already due. It was not conditioned in three times the sum
demanded, as required by the statute in case of a demand
not yet due. S. & B. Ann. Stats. sec. 2731, subd. 2.

The verified complaint, as a cause of action, alleged the
sale by the plaintiffs to the defendant of goods, wares, etc.,
at the agreed price of $1,303.28, July 1, 1897, upon a credit
of sixty days. The verified bill of particulars of the plaint-
iffs' claim against the defendant, as set forth in their com-
plaint, shows that the goods were sold on credit on various
dates from July 7, 1897, to September 25, 1897, and that, of
the entire amount, only $2.98 had become due prior to the
commencement of this action, and that $1,300.30 was at that
time *not yet due.* The complaint sets forth that the defend-
ant solicited the plaintiffs to sell and deliver said goods to
the defendant for $1,303.28, *on a credit of sixty days,* with a
fraudulent design to cheat and defraud them, and, as an in-
ducement to so sell said goods, represented that the defend-
ant had assets of the value of $5,000, and was not indebted
to any one for merchandise or borrowed money; that, rely-
ing on said representations, the plaintiffs sold and delivered
said goods to the defendant at said prices; that said repre-
sentations were in fact false and fraudulent, as the defend-
ant well knew,— and further alleged that the defendant did
not intend to pay for said goods, but to obtain the same by
said means, and cheat and defraud the plaintiffs. Plaintiffs
further alleged that, upon obtaining knowledge of the falsity
of the representations, they elected to waive the contract,
and to hold the defendant upon an implied promise, through

and under the fraudulent transaction aforesaid, to respond to and pay the plaintiffs the aforesaid price of said goods so obtained by said defendant, and converted by her as aforesaid; and they conclude with a demand for judgment for $1,303.28. An amended or substituted affidavit for attachment was subsequently filed, and the only ground for the attachment alleged therein was the nonresidence of the defendant. In this affidavit it was alleged that the indebtedness was founded upon *implied* contract.

Upon all the records and papers in the action, and particularly on the amended affidavit for the writ of attachment and undertaking annexed to said writ, the complaint in the action, and the bill of particulars served by plaintiffs, the defendant gave notice of a motion to vacate and discharge the writ of attachment on the ground that it appeared upon the face of the affidavit and undertaking in said attachment, and the complaint of the plaintiffs therein, and the bill of particulars served by plaintiffs, that the debt upon which the action was predicated was at the time not yet due, and that said undertaking was conditioned in the amount of $250 only as and for a debt due, and upon the ground that it appeared that it was not conditioned in three times the amount demanded, and the further ground that there was no valid ground for issuing the writ of attachment in the action. At the hearing the court ordered that the defendant's motion to vacate and discharge the writ of attachment be denied, and that the attachment proceedings be continued, and the plaintiffs have leave to amend their affidavit for attachment, setting forth that a cause of action, *sounding in tort,* existed in favor of the plaintiffs against the defendant at the time of the commencement of the action and the issuing of the writ. From this order the defendant appealed.

*Charles L. Aarons,* for the appellant.

For the respondents there was a brief by *Bloodgood, Kem-*

*per & Bloodgood,* attorneys, and *W. P. Bloodgood,* of counsel, and oral argument by *W. P. Bloodgood.* They argued, *inter alia,* that only the attachment papers could be considered on a motion to vacate an attachment. The right to an attachment is absolute if the affidavit required by the statute is made. *Mayhew v. Dudley,* 1 Pin. 95; *Davidson v. Hackett,* 49 Wis. 186. If the complaint does not state a cause of action the defendant can demur. The complaint in this case states a tort, and the defendant by demurring admits the tort. The plaintiff has a right to waive that tort and sue upon an implied contract. *Norden v. Jones,* 33 Wis. 600; *Keyes v. M. & St. P. R. Co.* 25 id. 691; *Elliott v. Jackson,* 3 id. 649, 655; *Grannis v. Hooker,* 29 id. 65; *Smith v. Schulenberg,* 34 id. 41, 50; *Wells v. Am. Exp. Co.* 49 id. 224; *Graham v. C., M. & St. P. R. Co.* 53 id. 473, 481. Waiving the tort leaves the parties in the same position as if no express contract had been made. *Roth v. Palmer,* 27 Barb. 652; *Wigand v. Sichel,* 33 How. Pr. 174; *Willson v. Foree,* 6 Johns. 110; *Butts v. Collins,* 13 Wend. 154; *Camp v. Pulver,* 5 Barb. 91.

PINNEY, J. The amended or substituted affidavit for the attachment wholly failed to state any cause or ground for attachment for a debt not already due. The only ground alleged was the nonresidence of the defendant, which, in the case of a debt not already due, will not suffice. S. & B. Ann. Stats. sec. 2731. The plaintiffs' duly verified complaint shows that the goods constituting the cause of their demand were sold July 1, 1897, on a credit of sixty days, and the original affidavit for attachment states that their said demand is founded on express contract. The verified bill of particulars delivered under their complaint November 5, 1897, shows that the goods in question were sold on credit, on dates named therein, running from July 7, 1897, to September 25, 1897, amounting to $1,303.28, and that $1,300.30 was

not yet due.   Apparently, the sale or contract of July 1st
was for a sale of goods on credit, to be delivered from time
to time.   The action was commenced and the attachment
was taken out upon a demand not due at the time, but the
affidavit failed to state, as the statute required (S. & B. Ann.
Stats. sec. 2731), "that the debt is to become due."   The
amount of the debt was sworn to be $1,300, as near as may
be, over and above all legal setoffs, and that the same is due
on express contract.   This statement must be regarded, we
think, as an affirmation of a then existing contract of sale,
and that it was by *express* contract.

The plaintiffs' complaint and the bill of particulars deliv-
ered under it, for the purposes of this motion, must be re-
garded as *prima facie* evidence against the plaintiffs of the
facts thus stated.   They constitute a statement of the nat-
ure, character, and extent of their claim, and are in the
nature of solemn judicial admissions by the plaintiffs, and
may properly be regarded as *prima facie* competent evidence
against them, when relevant upon a trial, or as a foundation
for a motion.   *Cook v. Barr*, 44 N. Y. 156.   This was so re-
garded, in respect to a motion to set aside an attachment, in
*Hubbard v. Haley*, 96 Wis. 578, without special discussion of
the point; but we regard the position as correct, and im-
portant to the due and convenient administration of justice.
It was properly shown, therefore, that the debt in this case
was for goods sold by *express* contract, and that the debt
was not due when the action was commenced and the attach-
ment was executed.   The plaintiffs had brought their action,
and obtained an attachment, for a debt not then due, and
without complying with the statute in such case, requiring
the usual undertaking to be conditioned in three times the
amount demanded.   S. & B. Ann. Stats. sec. 2731.

October 1st the plaintiffs filed another affidavit, with a
notice annexed, that it was " by way of amendment of, and
a substitute for, the original affidavit annexed to the writ of

Lederer and others vs. Rosenthal.

attachment." This was to the effect that the defendant was indebted to the plaintiffs in the sum of $1,304, and that the "same is due upon *implied* contract," and, as a ground for attachment, alleged that the defendant was not a resident of the state. There is no new fact brought forward to show that any part of the debt was, or had become, due. In *Gowan v. Hanson*, 55 Wis. 344, it was held that the statute only authorizes the commencement of an action on a debt not due, for the purpose of an attachment, in the cases specified, "and that the same proceedings in the action should be had, and the same affidavit required, as in actions upon matured demands, except that the affidavit shall state that the debt 'is to become due,' provided that an undertaking on the part of the plaintiffs be given, with sufficient surety, conditioned, etc., in three times the amount demanded. . . . To our minds, it is perfectly clear that this statute only authorizes the commencement of an action on a debt not due, for the purpose of an attachment, on condition that the requisite affidavit is made, and the proper undertaking executed and delivered. The giving of an undertaking for three times the amount demanded is as essential to the right to maintain the action as the making of the affidavit. Both things are absolutely necessary and requisite, where the debt is not due, and the omission of either is fatal to the action. This is the plain meaning of the statute, and any other construction would do violence to its language. . . . There is nothing obscure or doubtful in the law. The language in which the legislature have spoken is plain and unambiguous." *Hubbard v. Haley*, 96 Wis. 578. "The giving of the bond is not essential to the issuance of the writ, but is to its execution, and the maintenance of the proceedings." R. S. 1878, sec. 2732. The substituted affidavit did not supply any defect in the original, but, so far as showing any cause for an attachment is concerned, it was evidently defective, in that the only cause stated is the mere nonresidence of the defend-

Lederer and others vs. Rosenthal.

ant, which is not a valid ground for an attachment for a debt not yet due. The court cannot dispense with a strict performance of the terms upon which attachments are allowed. It is familiar law that the statute authorizing the issuing of an attachment must be strictly pursued, and no presumptions will supply the defect where it is departed from. Proceedings by attachment are among the most summary and stringent known to the law, and they should be confined strictly within the limits of the statute by which they are authorized, and more especially so when resorted to in a case where the debt is not yet due. *Pratt v. Pratt,* 2 Pin. 398; *Lathrop v. Snyder,* 16 Wis. 293.

The original affidavit for attachment charged, also, as a ground therefor, that the defendant fraudulently contracted the debt or obligation respecting which the action was brought, although the debt was not then due. Had the plaintiffs given the requisite undertaking in such a case, conditioned in three times the sum demanded, it would seem that no objection to the validity of the attachment upon the face of the proceedings would have existed. It is true that the plaintiffs would have been bound, on a traverse, to prove the truth of the ground thus laid for the writ; and in any of the different forms in which they urge their demand, which was substantially the same demand upon express contract, though not then due, upon which the plaintiffs commenced their action, they would doubtless be bound, as a condition of recovery, to prove the fraud. on which they rely. Having obtained their attachment without complying with the terms of the statute in respect to an indispensable condition of granting it, particularly in respect to the undertaking in three times the amount demanded, they proceeded to adapt the condition and character of their demand, if possible, to the proceeding instituted, in order to justify and sustain it, without giving the required security. First, it is said, they disaffirmed the express contract of sale, for

the alleged fraud, and claimed thereby that their demand was converted into a claim founded upon a *tort*, and then they elected *to waive the tort*, so that in this manner they change a demand on express contract, not due, to one on an implied contract, which was already due, so that the undertaking in the sum of $250 would, it is said, be a sufficient security for the attachment, in any of the various aspects in which they present their claim to sustain such attachment. The contention of the plaintiffs results in a manifest evasion and perversion of the statute, whereby it is sought to sustain an attachment issued without authority of law, and without complying in the particular case with the terms of the law under which alone it could be issued. We cannot sanction such a manifest evasion of the important statutory provision for security upon issuing attachments, particularly in a case where the debt is not due.

The defendant's motion to set aside and vacate the attachment issued should have been granted, and it was error to order said attachment proceedings to be continued.

*By the Court.*— The order of the circuit court appealed from is reversed, and the cause remanded with directions to dismiss and vacate the attachment.