FILLBACH, Respondent, vs. FIRST NATIONAL BANK OF
FENNIMORE, Appellant.

*May 11—June 6, 1922.*

*Banks: Drafting conveyances: Negligence: Ultra vires acts: Lia-
bility: Evidence.*

1. In an action against a national bank based on the negligence of
   its cashier in drawing a mortgage, the evidence is *held* amply
   to sustain the conclusion that the cashier was acting for the
   bank and not merely as an individual, even though testimony
   that the cashier said the fee paid for the work was going to
   the bank be considered as having been erroneously received.
2. Though the drafting of mortgages for other persons by a
   national bank be *ultra vires,* yet if it engages therein, and
   its cashier negligently makes a mistake in drafting papers
   for another, it is liable for the damages.

APPEAL from a judgment of the circuit court for Grant
county: S. E. SMALLEY, Circuit Judge. *Affirmed.*

The plaintiff was a party to real-estate transactions and
with others interested went to the defendant's place of
business, a national bank at Fennimore, in order to have
the transactions reduced to writing and properly executed.

The president of defendant, to whom such purpose was
declared, called and introduced to plaintiff the cashier of
the defendant bank and told him to make out such papers.
Certain deeds and mortgages were then drawn by the cash-
ier in attempted accord with the details then told him.
These transactions took place in one of the writing rooms
of the defendant. The president of the defendant was pres-
ent most of the time and participated in giving instructions.
The plaintiff paid the cashier the requested fee of $6 for
such services; and the money so paid was taken by the
cashier and placed in the till or in a drawer. The plaintiff
testified, under objection, that the cashier said at the time
that the money was to go to the defendant. There was
testimony to the effect that on one or two other occasions

conveyances had been drawn in the bank by its officers for third persons.

By mistake in preparing plaintiff's papers an $1,800 liability was inserted in the mortgage describing a piece of property upon which it was intended to place a mortgage of $1,000, and the $1,000 liability placed upon the piece of property intended to be security for the $1,800 liability. By reason of such error plaintiff was subsequently compelled to pay to a third person $800 and incurred other expenses. The jury awarded him $850 damages, for which judgment was entered. From such judgment defendant has appealed.

*Geo. B. Clementson* of Lancaster, for the appellant.

*H. E. G. Kemp* of Boscobel, for the respondent.

Eschweiler, J. It is insisted on this appeal that there is no proper proof that the cashier in making out the writings in question was acting as the agent of the defendant, and specific complaint is made of the admission of plaintiff's testimony to the effect that the cashier told him at the time the $6 was paid for the services that the money was going to the defendant.

It is very doubtful if the admission of such specific item of evidence is properly here for review owing to the lack of proper objection on the trial, but were such statement to be considered as having been erroneously received it could not be considered as prejudicial error in view of the other and properly received evidence as to the facts and circumstances which, standing as they did without contradiction, were ample to support the conclusion that what the cashier did was done as the agent of the bank and not merely as an individual.

It is also urged that defendant being a corporation and a national bank, and conveyancing not being shown to be authorized by its charter or within its usual course of business, there can be no corporate liability for the negligence

of its cashier, and that as to it the act is *ultra vires;* the liability that of the individuals alone who were concerned in the transaction. Such doctrine, however, has long ago been denied in this state. *John V. Farwell Co. v. Wolf,* 96 Wis. 10, 17, 70 N. W. 289, 71 N. W. 109; *Hubbard v. Haley,* 96 Wis. 578, 588, 71 N. W. 1036; *Eastman v. Parkinson,* 133 Wis. 375, 381, 113 N. W. 649; *Kanneberg v. Evangelical Creed Cong.* 146 Wis. 610, 617, 131 N. W. 353.

As stated in 5 Fletcher, Corporations, § 3339, "A corporation, though it has no right to engage in an *ultra vires* business, has the capacity to do so. It may do wrong. If it does so, and thereby injures others, public policy requires that it shall answer in damages; and the doctrine that it is liable in such a case is well supported by authority;" citing, among other cases, *Hannon v. Siegel-Cooper Co.* 167 N. Y. 244, 60 N. E. 597, where a department store was held liable for the malpractice of those practicing dentistry on their own account but in one of the store's departments and apparently as a part of its business. See, also, note in L. R. A. 1917A, 749; *Baddeps C. Co. v. Burnham-Munger-Root D. G. Co.* 228 Fed. 470, 473.

The verdict of the jury and determination by the court have ample support in the facts and in law.

*By the Court.*—Judgment affirmed.